STIFT *v.* STATE.*

(Division B. Dec. 3, 1928.)

[119 So. 178. No. 27463.]

*Corpus Juris-Cyc References: Criminal Law, 16CJ, section 1170, p. 603, n. 85; On admissibility of evid'ence of other crimes to show guilty knowledge, see 8 R. C. L. 201; 3 R. C. L. Supp. 574; 4 R. C. L. Supp. 543'; 5 R. C. L. Supp. 455; 6 R. C. L. Supp. 493.

*Franklin, Easterling & Fox,* for appellant.

*Rufus Creekmore,* Assistant Attorney-General, for the the state.

PACK, J. The appellant was convicted of grand larceny and sentenced to the state penitentiary for one year, from which conviction and sentence he appeals here.

The property stolen was a Ford coupé owned by the Hines Motor Company. After having been missed from its storage room for some time, the car was finally found on the premises, and in the possession of the appellant, a negro employee of the Hines Motor Company; and it showed evidence of hard use. The appellant did not deny taking the car, but claimed that he had the permission of the owner to take it out for the purpose of painting it, which statement was denied.

Over the objection of appellant, the state proved that upon the arrival of the officers at appellant's home and finding the car in his possession, they began to question him; whereupon appellant pulled from his pocket a long dirk or knife as if he intended resisting arrest. One of the officers forced him to put the knife back into his pocket. Appellant insists that this was proof of the commission of a separate crime than that for which he was being tried, and for that reason the evidence was incompetent and the introduction thereof reversible error.

It is the general rule that crimes separate and distinct from that for which defendant is being tried cannot be proved on the trial, but one of the exceptions to this rule is that proof of a separate offense is competent where it is necessary to prove *scienter*, or guilty knowledge of the defendant; and the testimony, we think, was competent under this well-recognized exception. *Raines* v. *State*, 81 Miss. 489, 33 So. 19.

The case will therefore be affirmed.

*Affirmed.*